**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4459**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAVID LEWIS,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:11-cr-00229-F-8)

───────────

Submitted:  March 26, 2013          Decided:  April 3, 2013

───────────

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lewis was convicted after a jury trial of one count of conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2006) (count one), one count of aiding and abetting the possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C.A. § 841(c)(1) (West 2006 & Supp. 2012) (count two), and two counts of aiding and abetting the possession of equipment, chemicals, products, and material with intent to manufacture methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C.A. § 843(a)(6) (West 2006 & Supp. 2012) (counts three and twelve). The district court sentenced Lewis to concurrent terms of 327 months' imprisonment on count one, 240 months' imprisonment on count two, and 120 months' imprisonment on each of counts three and twelve, for a total prison term of 327 months. Lewis' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court plainly erred in instructing the jury with respect to count one and whether trial counsel rendered ineffective assistance. Lewis has filed a pro se supplemental brief. We affirm.

Counsel argues first that the district court's instructions to the jury regarding count one contravened United States v. Collins, 415 F.3d 304 (4th Cir. 2005), because the jury was not instructed that it was required to determine whether 500 grams or more of methamphetamine was reasonably foreseeable to Lewis. Because Lewis did not object to the district court's instructions on this basis, we review this issue for plain error only. United States v. Jeffers, 570 F.3d 557, 569 (4th Cir. 2009). To obtain relief under plain error review, Lewis must establish that an error occurred, was plain, and affected his substantial rights. Id. Even if he makes such a showing, however, this court "can decline to correct the error unless it seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted). If the evidence "overwhelmingly establishe[s]" that the defendant was personally responsible for the threshold quantity of drugs, and if his assertions at trial "primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him," we may decline to recognize a plain Collins error. United States v. Foster, 507 F.3d 233, 252 (4th Cir. 2007).

Our review of the record leads us to conclude that, although a plain Collins error occurred at Lewis' trial because the jury was not instructed to determine the quantity of

3

methamphetamine reasonably foreseeable to Lewis,[*] we are nevertheless satisfied that Lewis' conviction on count one should be upheld because the Collins error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. The evidence adduced at trial easily established that 500 grams or more of methamphetamine was reasonably foreseeable to Lewis. Additionally, Lewis' trial assertions focused primarily on the issue of his guilt, rather than on drug quantity. Accordingly, we decline to recognize plain error in this regard.

Next, counsel argues that the district court also plainly erred in instructing the jury on count one because it did not instruct the jury that it needed to "unanimously agree" Lewis conspired to violate at least one of the three objects of the conspiracy charged in the superseding indictment. We conclude after review that the record does not support counsel's assertion, and we therefore discern no plain error.

Counsel also argues that Lewis' trial counsel rendered ineffective assistance prior to trial, at trial, and at sentencing. After review of the record, we find these claims

---

[*] Lewis' rights were substantially affected by the Collins error because he was sentenced to 327 months' imprisonment on count one, eighty-seven months greater than the maximum of 240 months' imprisonment he could have received under 21 U.S.C.A. § 841(b)(1)(C).

inappropriate for resolution on direct appeal. Because ineffectiveness of counsel is not conclusively established by the record, Lewis must assert such claims, if at all, in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Finally, in accordance with Anders, we have reviewed Lewis' pro se supplemental brief and the remainder of the record and have found no meritorious issues for review. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Lewis, in writing, of the right to petition the Supreme Court of the United States for further review. If Lewis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lewis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5